IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRIAN KEITH ALFORD,

    Petitioner,  : Case No. 3:16-cv-412

 - vs -       District Judge Walter Herbert Rice
            Magistrate Judge Michael R. Merz

UNITED STATES OF AMERICA,

              :

    Respondent.

## REPORT AND RECOMMENDATIONS

  This habeas corpus case under 28 U.S.C. § 2241, brought pro se by Petitioner Brian Keith Alford, is before the Court for initial review upon filing.  As with all collateral attacks on criminal judgments filed at the Dayton seat of court, it has been referred to the undersigned under the Dayton General Order of Assignment and Reference (General Order Day 13-01).

  In his Petition Alford seeks relief from his conviction in this Court in Case No. 3:00-cr-065, *United States v. Alford*, ("*Alford I*") on February 28, 2002, on Counts 1 and 2 of the Indictment returned against him by the grand jury for this District charging him with armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (b) and carrying a firearm in furtherance of that bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Indictment, *Alford I,* ECF No. 9).  On December 12, 2002,Alford was sentenced in *Alford I* and he appealed. *Id.*  at ECF No. 98, 99, 100).  On November 29, 2004, the Sixth Circuit affirmed. *Id.*  at ECF No. 125.  The Supreme

1

Court denied certiorari in March 2005. *Id.* at PageID 128.

Alford filed his first Motion to Vacate under 28 U.S.C. § 2255 on February 15, 2006. *Id.* at ECF No. 132. In Ground Three he made the claim that this Court lacked subject matter jurisdiction on the charge made in Count 1 (armed bank robbery) because the Government had not proved the subject bank was insured by the Federal Deposit Insurance Corporation. *Id.* As to that Ground, he admitted that his trial attorney, Jeffrey McQuiston, had stipulated to the requisite insurance, but claimed the stipulation was insufficient. The undersigned recommended dismissal of Ground Three with prejudice on the merits (R&R, *Alford I*, ECF No. 139, PageID 731-32. Judge Rice adopted that recommendation (*Id.* . at 141) and Alford appealed, but both Judge Rice and the Sixth Circuit declined to grant a certificate of appealability. Earlier this year Alford filed a motion for relief from judgment (ECF No. 159) which this Court treated as a second or successive motion to vacate under 28 U./S.C. § 2255 and transferred to the Sixth Circuit (ECF No. 160). On September 6, 2016, the Sixth Circuit denied leave to file a second or successive § 2255 motion. *In re: Brian K. Alford,* Case No. 16-3014 (6th Cir Sept. 2, 2016)(unpublished, copy at ECF No. 161).

As the Sixth Circuit put it, after failing to obtain a certificate of appealability on his first motion to vacate,

> Alford has since filed numerous collateral attacks challenging the parties' stipulation that the victim bank was insured by the FDIC. In 2014, Alford moved this court for authorization to file a second or successive motion to vacate, asserting that he never saw the parties' stipulation regarding the federally insured status of the victim bank, filed in the district court on February 19, 2002, until this court sent him a copy on September 17, 2013. Alford claimed that he did not agree to the stipulation and that his signature on the stipulation was forged. This court denied Alford's motion on the

> basis that the stipulation did not constitute "newly discovered evidence." *In re Alford,* No. 14-4041 (6th Cir. Apr. 2, 2015). This court pointed out that the filed stipulation contained the same language regarding the victim bank's federally insured status as the draft stipulation that Alford admittedly received. This court also noted that Alford was aware of the district court's jury instructions that the fact that the victim bank was insured by the FDIC was established by agreement of counsel. After this court denied his motion, Alford filed another motion for authorization to file a second or successive motion to vacate, again asserting that the stipulation constituted "newly discovered evidence." This court denied Alford's motion for the reasons stated in its prior order. *In re Alford,* No. 15-3609 (6th Cir. Jan. 14, 2016).

*Id.* at PageID 2278.

Alford now seeks relief under 28 U.S.C. § 2241.  He asserts that a motion to vacate under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention and therefore he is authorized to bring this action under the savings clause of § 2241 because he is actually innocent (Petition, ECF No. 1, PageID 4).  His claim is the same claim he has made numerous times in the past, to wit, that the FDIC-insured status of the subject bank must be proven beyond a reasonable doubt to the jury, that it is a question of fact for the jury and not a question of law for the Court.  He again avers that the stipulation of counsel previously found sufficient to establish this jurisdictional fact was made out of his and the jury's presence. *Id.*  at PageID 5.

The Court concludes Alford's claim cannot be adjudicated under 28 U.S.C. § 2241.  The savings clause of 28 U.S.C. § 2255 only applies to a federal prisoner who has been unable to obtain a determination of the legality of his detention under that section.  Alford has repeatedly obtained decisions from this Court and the Sixth Circuit Court of Appeals that his claim is without merit.

Because this Court lacks jurisdiction to proceed under 28 U.S.C. § 2241, the Petition should be dismissed with prejudice.  Because reasonable jurists would not disagree with this

3

conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 27, 2016.

                                                     s/ *Michael R. Merz*
                                                     United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).