# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN KEITH ALFORD,

|  |  |  |
|---|---|---|
| Petitioner, | : | Case No. 3:16-cv-412 |
| - vs - |  | District Judge Walter Herbert Rice |
|  |  | Magistrate Judge Michael R. Merz |
| UNITED STATES OF AMERICA, | : |  |
| Respondent. |  |  |

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2241, brought pro se by Petitioner Brian Keith Alford, is before the Court on Petitioner's Objections (ECF No. 3) to the Magistrate Judge's recommendation on initial review that this case should be dismissed with prejudice (Report and Recommendations, ECF No. 2). Judge Rice has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 4).

Mr. Alford's claims in the present case are claims that he has previously and repeatedly made with respect to his conviction in *United States v. Alford*, Case No. 3:00-cr-065 (hereinafter "Crim. Case"), to wit, that the stipulation entered into by his trial attorney that the bank he robbed was in fact insured by the Federal Deposit Insurance Corporation at the time of the robbery was not sufficient to establish that element of the crime and that in the absence of satisfactory proof of that fact to the jury, this Court lacked subject matter jurisdiction over the alleged offense (Petition, ECF No. 1, PageID 4-6). Alford also claims he is actually innocent. *Id.*

1

at PageID 11-14.

Mr. Alford was convicted at trial of armed bank robbery as charged in Count 2 of the Indictment and of carrying and/or using a firearm during the commission of that armed bank robbery as charged in Count 2 (Verdicts, Crim. Case ECF No. 78 & 79).  Those convictions were affirmed on appeal.  *Alford v. United States*, Case No. 03-3014 (6th Cir. Nov. 29, 2004)(unreported; copy at Crim. Case ECF No. 125).

Alford filed a motion to vacate under 28 U.S.C. § 2255 which contained as Ground Three his argument about the stipulation (Crim. Case ECF No. 132).  On recommendation of the undersigned, District Judge Rice dismissed that motion with prejudice and denied a certificate of appealability as did the Sixth Circuit (Crim. Case ECF Nos. 141, 143).  Alford again raised the same issues by filing what he labeled "Judicial Notice of Adjudicative Facts" (Crim. Case ECF No. 145) which Judge Rice denied. *Id.*  at ECF No. 150.  On April 2, 2015, the Sixth Circuit Court of Appeals denied Alford permission to file a second or successive § 2255 motion, reciting in reaching that conclusion:

> Alford has since filed numerous collateral attacks challenging the parties' stipulation that the victim bank was insured by the Federal Deposit Insurance Corporation (FDIC). In his first motion to vacate under § 2255, Alford asserted, among other grounds for relief, that the government failed to establish subject matter and exclusive jurisdiction where his trial counsel merely stipulated that the victim bank was insured by the FDIC, and did not require the government to prove this element. The district court denied Alford's motion. Alford appealed, and this court denied a certificate of appealability. Alford then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting in part that the government failed to establish jurisdiction by failing to prove that the victim bank was insured by the FDIC. The district court denied Alford's habeas petition, and this court affirmed. In a second habeas petition under § 2241, Alford claimed in relevant part that his Fifth and Sixth Amendment rights were violated when

2

counsel merely stipulated that the victim bank was insured by the FDIC. The district court denied Alford's habeas petition, and this court affirmed. Alford also moved for relief from the trial court's order denying his motion for acquittal on the basis that the government did not prove that the victim bank was insured by the FDIC. The trial court denied Alford's motion, and this court affirmed. Alford then moved this court for authorization to file a second or successive motion to vacate, asserting that newly discovered evidence showed that the parties never entered a proper stipulation regarding the federally insured status of the victim bank. This court denied Alford's motion.

*In re:  Brian K. Alford*, Case No. 14-4041 (6th Cir. Apr. 2, 2015)(unreported, copy at Crim. Case ECF No. 158).  On December 30, 2015, Alford filed a motion for relief from judgment which this Court transferred to the Sixth Circuit for determination of whether Alford should be permitted to proceed (Crim. Case ECF No. 160) which the Sixth Circuit denied.  *In re:  Brian K. Alford*, Case No. 16-3014 (6th Cir. Sept. 2, 2016)(unreported, copy at Crim. Case ECF No. 161). In reaching that conclusion, the Sixth Circuit observed that Alford is "a former federal prisoner currently in state custody. . ." *Id.*  at PageID 2277.

In the Report, the undersigned recommended dismissal of this case with prejudice for lack of jurisdiction because "[t]he savings clause of 28 U.S.C. § 2255 only applies to a federal prisoner who has been unable to obtain a determination of the legality of his detention under that section.  Alford had repeatedly obtained decisions from this Court and from the Sixth Circuit Court of Appeals that his claim is without merit."  (Report, ECF No. 2, PageID 20.)

Alford objects that his "situation presents another unique and very limited circumstance where Section 2255 is inadequate and ineffective to test the legality of this conviction . . ." and therefore "this Court must grant Petitioner's request under § 2255's "actual innocence" savings clause."  (Objections, ECF No. 3, PageID 24, citing *Bousley v. United States*, 523 U.S. 614

(1998)).

The petitioner in *Bousley* had pleaded guilty to using a firearm in violation of 18 U.S.C. § 924(c). *Id.* at 616. After conviction but before the Supreme Court decided *Bailey v. United States*, 516 U.S. 137 (1995), *Bousley* filed a § 2255 motion in which he failed to raise the claim that his acts did not meet the statutory requirement for "use." After the Supreme Court decided *Bailey*, Bousley filed a new petition under 28 U.S.C. § 2241. *Id.* The district court construed this new petition as a second § 2255 motion,[1] but denied it. *Bailey* was decided while the case was on appeal. The Supreme Court found Bousley had procedurally defaulted his *Bailey* claim, but could obtain a decision on the merits if he could establish actual innocence sufficient to pass through the procedural default actual innocence gateway recognized in *Schlup v. Delo*, 513 U.S. 298 (1995). *Id.* at 623. The Court emphasized, however, that "actual innocence means factual innocence, not mere legal insufficiency." *Id.* at 623-24, *citing Sawyer v. Whitley*, 505 U.S. 233 (1992). *Bousley* makes no holding whatsoever regarding the scope of the savings clause.

The savings clause is codified at 28 U.S.C. § 2255(e) and provides:

> (e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention

As noted above, the Sixth Circuit has found that Alford has repeatedly received decisions on the merits of his claim about the stipulation and jurisdiction. Because he has received those

---

[1] Bousley's § 2241 petition, construed as a second § 2255 motion, was filed in June 1994 before the adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") in April 1996 imposed the requirement of circuit court permission to file a second or successive § 2255 motion.

determinations, he cannot plausibly argue that the remedy by motion under § 2255 is inadequate. "If relief is possible under § 2255, it is the exclusive remedy and habeas corpus is barred for a federal prisoner." Wright and Welling, Federal Practice & Procedure, Criminal 4th, § 623. Inability to meet the AEDPA's second or successive requirement does not make § 2255 inadequate or ineffective so as to bring the case within the savings clause. *Tolliver v. Dobre*, 211 F.3d 876 (5th Cir. 2000). Because Alford has not shown that his remedy under 28 U.S.C. § 2255 is ineffective or inadequate, this Court lacks jurisdiction to adjudicate his § 2241 petition and it should be dismissed with prejudice.

Another reason not mentioned in the original Report for dismissing the Petition is that Alford no longer satisfies the custody requirement for habeas corpus jurisdiction. When a sentence expires before a habeas petition is filed, the petitioner is not sufficiently in custody to invoke the federal habeas jurisdiction. *Maleng v. Cook*, 490 U.S. 488 (1989). As the Sixth Circuit has found, Alford is a former federal prisoner, not currently in federal custody. On that basis also the Petition should be dismissed with prejudice for want of jurisdiction.

**Conclusion**

Having reviewed the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous

and therefore should not be permitted to proceed *in forma pauperis*.

October 18, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).